## William Hogan, Appellee, v. Crane Company, Appellant.

### Gen. No. 17,081.

1. MASTER AND SERVANT—*questions for jury.* Where plaintiff was injured while inside a car unloading it, on its being struck by a switch train, the question whether defendant's foreman was present and had notice that plaintiff was in the car is for the jury where the evidence is conflicting as to whether such foreman was near the car watching plaintiff and gave a signal for the switching train to back against the car.

2. APPEALS AND ERRORS—*presumptions.* It will be presumed that an argument was given consideration by the jury.

Appeal from the Superior Court of Cook county; the Hon. R. W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912. Rehearing denied October 17, 1912.

ALDEN, LATHAM & YOUNG, for appellant.

McGOORTY & POLLOCK, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a judgment obtained by Hogan, the plaintiff, in an action to recover damages for a personal injury received by him while employed by the defendant. This case has been passed upon both by the Appellate Court (131 App. 314) and the Supreme Court (228 Ill. 338). Reference to these reported opinions will give a full statement of the facts involved, and we therefore refrain from making a complete statement here. Briefly stated, Hogan, after assisting in loading a freight car, was helping to carry from it a flat sheet or plate of iron used in the work, when just as he was emerging through the car door the car was struck by a switch train backing into it, causing it to lurch, so as to crush the hand of the plaint-

iff between the edge of the iron plate and the side of the door of the car. His little finger was cut off and the next finger severely bruised.

As we understand the opinion of the Supreme Court, there can be no recovery in this case, except, if there should be any recovery, under the count in the declaration alleging "that the defendant knew, or in the exercise of ordinary and reasonable care would have known that plaintiff was in the car, and that it negligently and carelessly and without warning ran the switch engine against the car." It was held by the Supreme Court that there was not sufficient evidence in the first trial to sustain that charge. "There was no evidence tending to prove, or from which the jury could reasonably have found, that defendant's employes knew, or ought to have known, that the plaintiff was in the car." Upon the second trial plaintiff undertook to supply this evidence, and whether it has been successfully accomplished is the question now before us.

It is claimed on behalf of the plaintiff that the foreman, Hayes, just before and at the time of the accident, was standing on the platform within a few feet of Hogan, and that while looking toward the door, just as Hogan was coming out, he, the foreman, gave a signal to the engineer to start the switch engine. Sipronas Dargwicz, the only witness who did not testify at the first trial, testified at the second trial in substance that Hayes, the foreman, was there on the platform beside the car, and that he told Hogan and the others "to go into the car and take out the tools, and also to remove the plate that was put over the hole;" that just as Hogan was going out with the iron plate "we heard Hayes say 'all right';" that at that time Hayes was standing some four feet from the door; he was looking toward the door; that "when Hayes yelled out 'all right' he yelled out very loud." This testimony, with that of other witnesses, tends to support plaintiff's theory that Hayes, the foreman,

knew that Hogan was in the car, and that without warning he caused the switch engine to run against it. Hayes says that he left the place of the accident ten minutes before it happened, that he did not know Hogan was in the car, and that he gave no such signal as is testified to by plaintiff's witnesses; and the testimony of other witnesses tends to corroborate Hayes' statement. The issue as to which was the true story was therefore properly for the jury to determine.

It is argued that if it is a fact that Hayes "hollered 'all right, Bill' in a loud voice," Hogan ought to have heard it. This has force as an argument to be made to the jury, and we must presume that it was given proper consideration. The facts were peculiarly for the jury to determine from the conflicting testimony before it. It evidently gave greater credence to the testimony of plaintiff's witnesses, and after careful consideration of the record before us we have concluded that we would not be justified in holding that the verdict is manifestly against the weight of the evidence.

Complaint is made of rulings of the court during the trial and of the refusal of certain instructions tendered by the defendant. We do not find any errors in the rulings of the court which are sufficiently serious to require a reversal, and we hold that the instructions refused were properly refused.

For the reasons indicated the judgment will be affirmed.

*Affirmed.*